Curia, per Butler, J.
It seems to me to be unquestionably a correct proposition, that a party may not only divest himself of all title to his land by his deed directly made by himself, but by a deed founded on proceedings in partition to which he was a party. In the one case he signs the deed himself, and in the other he consents that an officer of the law, *341 by the sanction of a competent Court, may execute it for Mm. In both cases he is a party to the transfer of his land, and cannot reap what he has sown after he has sold it to another.
The defendant was a party in the Court of Equity, and was not entitled to any portion of the land, or the crop growing-on it, after the conveyance to the plaintiff.
The plaintiff in an action to try titles, could have recovered both the land and the value of the wheat; for they both belonged to him at the time the wheat was cut. He does not, however, occupy the same position, nor is he entitled to the same plenitude of redress, in an action of trespass quare clausum fregit. This action lies alone to recover damages for a trespass on the plaintiff’s possession. Every one who has a title to land by deed, has a constructive possession, and can maintain this action for a casual trespass committed on the land after the title was acquired, without an actual entry. After an actual entry, which is going on the land and openly asserting a dominion over it, he may maintain the same action against a trespasser who obtrudes himself into the actual possession of a part of the land. But when a defendant is in the actual and exclusive possession before and at the time the plaintiff acquires his title and makes his entry, the plaintiff cannot regard it as a trespass on his possession, so as to sustain an action of trespass quare clausum fregit, for it is a soli-eism in terms to say that he can have a constructive possession of that which is in the actual possession of another This would be to make a concurrent and exclusive possession consistent.
From these views it must follow that the plaintiff cannot maintain this action. The nonsuit was properly ordered, and the motion to set it aside must be dismissed.